TEXAS EMPLOYMENT COMMISSION
et al., Appellants,

v.

Ronald L. HAYS, a Minor, Appellee.

No. 10910.

Court of Civil Appeals of Texas.

Austin.

Jan. 31, 1962.

Rehearing Denied Feb. 21, 1962.

Will Wilson, Atty Gen., Sam Lane, Asst. Atty. Gen., C. M. Turlington, E. E. Palmer, Texas Employment Commission, Austin, for appellants.

Sam Houston Clinton, Jr., Austin, for appellee.

RICHARDS, Justice.

Suit was brought by Ronald L. Hays, a minor, appellee, through his mother as next friend, pursuant to Art. 5221b–4(i), Vernon's Annotated Civil Statutes, to obtain judicial review of a decision of the Texas Employment Commission, appellant, which denied him unemployment compensation benefits under the provisions of the Texas Unemployment Compensation Act (Arts. 5221b–1 to 5221b–22aa inc. V.C.S.). The Trial Court, without the intervention of a jury, entered judgment setting aside the decision of the Texas Employment Commission and awarded appellee judgment for unemployment benefits in the amount of $144.00 with interest and costs from which adverse judgment Texas Employment Commission has perfected its appeal herein. For the purpose of brevity appellee will hereinafter be referred to as "claimant" and appellant Texas Employment Commission as the "Commission."

This appeal involves the construction of certain provisions of the Unemployment Compensation Act, which are:

Art. 5221b–2 (in part).

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

"(a) He has registered for work at, and thereafter has continued to report at, an employment office in accordance with such regulations as the Commission may prescribe;

"(b) He has made a claim for benefits in accordance with the provisions of Section 6(a) of this Act;

"(c) He is able to work;

"(d) He is available for work;"

and Art. 5221b-3, V.C.S. (in part):

"An individual shall be disqualified for benefits:

*    *    *    *    *    *

"(c) If the Commission finds that during his current benefit year he has failed, without good cause, either to apply for available, suitable work when so directed by the Commission or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed by the Commission. * * *

"(1) In determining whether or not any work is suitable for an individual, the Commission shall consider the degree of risk involved to his health, safety and morals, at the place of performance of his work, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."

At the time of the trial in the court below claimant was eighteen years old, in the twelfth grade at McCallum Senior High School and was a part time employee at a drive-in grocery in Austin, Texas, which employment had been secured by him in April, 1960 through the employment office of the Commission. In 1958 claimant worked for H. E. Butt Grocery Company as a part time employee from 5 P.M. to 9 P.M. on week days and all day on Saturdays

from June 1958 until sometime in the fall of 1959, at which time such employment was terminated. On December 2, 1959, being unable to find other permanent part time employment claimant registered for work with the Commission, at the same time filing a claim with the Commission for unemployment compensation benefits, in accordance with Art. 5221b-2(a) and (b), which claim was denied on December 18, 1959 by the Commission in an "initial determination" which states that while he was "not disqualified from receipt of benefits," he was ineligible to receive benefits during the period from "12-2-59 to Forward" since because of his school activities he was not available for full time work and that the law provides that he must be available for work before he can be eligible for payment.

The "initial determination" by the Commission was evidently based upon the fact that claimant, at the time he applied for employment at the employment office of the Commission, limited his application for work to "after school" hours on week days and all day on Saturdays and that such employment must be on the "north side" of the City of Austin.

On appeal from the "initial determination" the Appeal Tribunal of the Commission found that claimant was not willing to quit school in order to accept full time employment and had not determined if the school hours could be changed in order to enable him to accept full time work. The Appeal Tribunal then held that although the evidence established that claimant was actively seeking evening work which he could perform after school hours, yet in order to become available for work claimant must show that he is ready to at once accept employment deemed suitable by the Commission that is brought to his attention regardless of his school duties and since according to claimant's statement he was not willing to accept work which would interfere with his school duties and was not willing to quit school in order to accept full time employment, claimant was not available for work as required by Art. 5221b-2(b) and

therefore ineligible to receive unemployment compensation benefits from the date of his initial claim. The majority of the Commission having affirmed the decision of the Appeal Tribunal, one Commissioner dissenting, claimant then instituted suit for judicial review of the Commission's decision.

■ This case was properly tried in the court below under the "substantial evidence" rule. Nelson v. Texas Employment Commission, Tex.Civ.App., 290 S.W.2d 708, error ref. Under the statutory provisions, quoted supra, it is the duty of the Commission in its discretion after hearing the evidence to decide whether claimant was "available for work" and also to decide whether claimant had failed without good cause to accept suitable work when offered him. If there is substantial evidence to support the finding of the Commission that claimant was not "available for work" or that he did not "accept suitable work when offered him," then claimant would of necessity be barred from receiving unemployment compensation benefits even though otherwise qualified therefor.

Under the uncontroverted evidence adduced at the trial it is clear that claimant had complied with the provisions of Art. 5221b–2(a) and (b) and that he was available for part time employment after school hours on week days and all day on Saturdays which are the same conditions under which he had qualified for unemployment compensation benefits in his previous employment.

The evidence also shows that he was available for work and had accepted suitable work under the limitations contained in his application for employment by the Commission itself when through the employment office of the Commission claimant obtained suitable part time employment at a drive-in grocery under such limitations or conditions.

■ From the foregoing facts when applied to the statutory provision that the claimant must be "available for work", it is manifest that since the Commission itself found claimant available for work in suitable part time employment under the same part time employment conditions under which claimant had previously acquired his right to unemployment benefits, the Commission's order was not reasonably supported by substantial evidence and therefore was void.

The judgment of the Trial Court is in all things affirmed.